**WO**                                                                                                                         JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Gilligan, | No. CV 05-0368-PHX-EHC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Reconsideration of Order Denying Summary Judgment (Doc. #84). The Court ordered briefing on the motion; Plaintiff responded, and Defendants replied (Doc. ##85, 88-89). The Court will deny Defendants' motion.

**I.    Background**

In his Amended Complaint, Plaintiff alleged that officials at the Arizona Department of Corrections (ADC) violated the Eighth Amendment when they refused to provide him with a prosthetic leg and treatment for his amputation site injury (Count VI)[1] (Doc. #5). The remaining Defendants include: 1) ADC Director Dora Schriro; (2) Facility Health Manager Gary Pinkstaff;[2] (3) Dr. Quirino Valeros; (4) ADC Medical Services Administrator Richard

---

[1] Upon screening the Court dismissed Count II, which alleged an Eighth Amendment violation by Defendant Hernandez (Doc. #8). The Court granted summary judgment on Counts I and III-V, which included claims under the Eighth Amendment for treatment of Plaintiff's Hepatitis C and claims under the Americans with Disabilities Act (Doc. #81).

[2] On March 2, 2007, Defendants filed a Notice of Suggestion of Death on behalf of Pinkstaff (Doc. #83). But there is no indication that Defendants served the nonparty

Pratt; and (5) Facility Health Care Manager Gene Greeley (id.).

Plaintiff asserted that in 1999 he began complaining that his prosthetic leg was worn out and was causing blisters and infections on the stump of his amputated leg (Doc. #79, Ex. A, Pl. Aff. ¶ 6). Plaintiff alleged that at that time the ADC Medical Program Manager informed him that he had been approved for a replacement prosthetic (id., Attach. 4). About two years later in 2001, open sores began forming on Plaintiff's amputation site just below his knee as a result of the worn out prosthetic leg, which still had not been replaced (id., Pl.'s Statement of Facts (PSOF) ¶ 6; Attach. 6). He alleged that in 2002 Pratt informed him that a new one had been ordered, however, no replacement prosthetic was given to Plaintiff and he continued to complain about the sores and infection on his stump (id., PSOF ¶ 14; Attachs. 12, 8, 13). By 2003, the amputation site was allegedly infected and caused Plaintiff extreme pain (id., PSOF ¶ 7). Plaintiff ultimately obtained a new prosthetic leg when his family purchased one for him in 2003 (id.). He alleged that this failure to properly treat the amputation site constitutes a violation of his rights under the ADA and the Eighth Amendment.

Plaintiff alleged that since he began attempting to secure medical treatment for his amputation site, he was repeatedly told by officials that he would get the necessary surgery to repair his stump (Doc. #5 at 6-G, 6-H). But the surgery was not performed, and Plaintiff asserted that his amputation site injury continued to worsen (id. at 6-H). According to Plaintiff, Defendants continued to tell him for years that the necessary surgery had to be approved by the ADC central office (id.). Plaintiff alleged that the continued delay in providing surgery amounts to deliberate indifference to his serious medical needs and therefore violates the Eighth Amendment.[3]

Defendants moved for summary judgment on the basis that they did not violate

---

successor or representative as required under Federal Rule of Civil Procedure 25(a)(1). Thus, the 90 day period in which to file a motion for substitution has not been triggered. Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994).

[3]Plaintiff received revision surgery in December 2005 (Doc. #44 at 5). But Plaintiff alleged that since the surgery, he has not been fitted for a new prosthetic leg and continues to suffer lesions and infections as a result of the old prosthetic (Doc. #79 at 13; Doc. #88 at 6).

- 2 -

1 Plaintiff's Eighth Amendment rights and contended that they provided, and they continue to
2 provide, appropriate care to Plaintiff for his amputated leg (Doc. #44 at 4). They further
3 argued that even if factual disputes exist, they are entitled to summary judgment based on
4 qualified immunity (id. at 10).

5 In response, Plaintiff argued that genuine issues of material fact preclude summary
6 judgment on his Eighth Amendment claim and that Defendants' failure to provide
7 appropriate medical care defeats any claim to qualified immunity (Doc. #79 at 18).
Defendants did not file a reply memorandum.
8
9 The Court granted summary judgment on other claims related to treatment of
Plaintiff's Hepatitis C and claims brought under the Americans with Disabilities Act (Doc.
10 #81). But summary judgment was denied as to the claims related to treatment of Plaintiff's
11 amputation site (id.).

12 Defendants then moved for reconsideration of the Court's summary judgment Order
13 (Doc. #84). They contended that (1) contrary to the Court's determination, the record did
14 contain evidence from a physician who treated Plaintiff's amputation site, and (2) Plaintiff's
15 claims related to his amputation site that accrued prior to September 2003 are barred by the
16 statute of limitations (id.). In his response, Plaintiff argued the Defendants did not satisfy the
17 standard for reconsideration (Doc. #88). He further argued that even when considering the
18 affidavit from the treating physician, Defendants are not entitled to summary judgment (id.
19 at 3). Finally, he noted that his claim regarding his amputation site constitutes an allegation
20 of ongoing harm, which continues to this day; thus, it is not time-barred (id. at 4-5).
21 Defendants replied that Plaintiff failed to meet his obligation to demonstrate a genuine
22 issue of material fact and so the denial of summary judgment should be reversed (Doc. #89).

23 **II.  Motion for Reconsideration**

24 Motions for reconsideration should be granted only in rare circumstances. Defenders
of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with
25 a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels
26 Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Reconsideration is only appropriate if the
27 district court "(1) is presented with newly discovered evidence, (2) committed clear error or
28 the initial decision was manifestly unjust, or (3) if there is an intervening change in

controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

### III.   Analysis

Defendants' motion for reconsideration does not present any newly discovered evidence or manifest injustice, and it is not based on an intervening change in controlling law.

The Court notes that many of the contentions set forth in Defendants' pending motion are more appropriate for a reply memorandum in support of summary judgment, which Defendants never submitted. For example, in their motion Defendants respond to documents Plaintiff submitted with his response memorandum and argue that these documents—copies of Health Needs Requests (HNRs)—should not have been relied on because there was no evidence that Defendants had received them (Doc. #84 at 7 n. 4). When a defendant does not object to a plaintiff's declarations or otherwise controvert the matters described therein in a reply memorandum, those facts are deemed undisputed. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2722 (3d ed. 1998) ("[a]s is true of other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged") (footnotes omitted).

In light of the foregoing, Defendants' motion falls well short of establishing any ground for reconsideration. Even so, the Court has reviewed the motion and finds that Defendants failed to present any arguments that would support reversal of its Order.

In summary judgment analysis, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001)(*en banc*). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts); it may simply point out the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 47 U.S. 317, 331 (1986); Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 532 (9th Cir. 2000). Here, Defendants seek to meet their burden in a different way; by relying

- 4 -

on affirmative evidence—the affidavit of Dr. Valeros—to negate an essential element of Plaintiff's case (Doc. #84 at 2-3). See Celotex, 477 U.S. at 331. Defendants argue that the Court's failure to consider this affidavit, which they assert demonstrates proper and consistent treatment of the amputation site, warrants reconsideration and summary judgment in their favor (Doc. #84 at 2-3; see Doc. #19, Ex. B, Valeros Aff.).

Neither the summary judgment motion nor the accompanying statement of facts cited to Valeros' affidavit (see Doc. ##44, 45). The affidavit was submitted with Defendants' opposition to a motion for injunctive relief more than four months before the summary judgment motion was filed (Doc. #19, filed Fed. 8, 2006; Doc. #44, filed June 23, 2006). Local Rule of Civil Procedure 56.1(a) requires a party filing a motion for summary judgment to submit a statement setting forth the material facts *with a reference* to a specific admissible portion of the record where each fact finds support. Defendants' failure to cite to Dr. Valeros' affidavit represents noncompliance with the Local Rules governing summary judgment motions.

Just as the Court is "not required to comb the record to find some reason to deny a motion for summary judgment," Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir.2001) (quotation omitted), it is not required to scour the record to find a reason to grant summary judgment. Instead, the moving party must direct the Court's attention to specific evidence that supports its motion. See Southern California Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir.2003); see also Carmen, 237 F.3d at 1031 ("the district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers"). "If the district court . . . searches the whole record, in practical effect, the court becomes the lawyer." Carmen, 237 F.3d at 1031. It would be highly improper for the Court to go through the record to the benefit of represented defendants in a case with a pro se prisoner plaintiff. As such, the failure to consider Dr. Valeros' affidavit does not justify reconsideration.

Defendants' alternative basis for reconsideration is that those allegations concerning Plaintiff's amputation site arising before September 2003 are barred by the two-year statute of limitations (Doc. #84 at 7). No statute of limitations argument was raised in the summary

- 5 -

judgment motion, so the Court will not entertain the belated claim here (see Doc. #44).

In their reply in support of the motion for reconsideration, Defendants raise a different argument—that regardless of whether they supported their summary judgment motion with affidavits, the motion should have been granted because Plaintiff failed to demonstrate a genuine issue of material fact necessitating trial (Doc. #89 at 2-3, 7). Defendants imply that the Court may have supplied the missing essential elements to Plaintiff's case in violation of summary judgment standards (id. at 3). Thus, Defendants now appear to try to satisfy their burden under Rule 56 by pointing out the absence of evidence to support an essential element of Plaintiff's claim. See Celotex, 477 U.S. at 331. But to support this new argument Defendants rely on affirmative evidence—the affidavit of Dr. Valeros (Doc. #89 at 4-5). They also reassert their original claims for summary judgment (id.; see Doc. #44 at 4-6). This claim is improper and untenable. As stated, a motion for reconsideration shall not repeat arguments made in the original motion. Motorola, 215 F.R.D. at 586. More importantly, Plaintiff's response memorandum—including a statement of facts properly supported by an affidavit and exhibits—demonstrated on its own that there are disputed material facts regarding whether Defendants were deliberately indifferent in treating Plaintiff's amputation site (Doc. #79; see Doc. #81 at 10). Indeed, the Court specifically found that, "[i]n failing to address Plaintiff's allegations and evidence regarding the delay in surgery and the failure to provide a prosthesis, Defendants have not pointed to a lack of evidence to support Plaintiff's Eighth Amendment claim" (Doc. #81 at 11). Nothing in Defendants' motion causes the Court to reconsider this finding.

In sum, Defendants' motion fails to set forth any legally cognizable basis for reconsideration. The Court will therefore deny the motion.

**IT IS ORDERED** that Defendants' Motion for Reconsideration of Order Denying Summary Judgment (Doc. #84) is **denied**.

DATED this 20th day of November, 2007.

_____
Earl H. Carroll
United States District Judge